UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF THE WEST,<br><br>    Plaintiff,<br><br>  v.<br><br>UBS AG, UBS SECURITIES LLC, UBS LIMITED, JAMES GIBBONS, and DOES 1-10<br><br>    Defendants. | No. C 09-03280 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion to Remand** |

Plaintiff Bank of the West ("plaintiff") brought suit against defendants UBS AG, UBS Securities LLC, UBS Limited (together "UBS") and James Gibbons ("Gibbons") (collectively "defendants") in the Superior Court of California for the County of San Francisco. Defendants removed the action to the United States District Court for the Northern District of California. Now before the court is plaintiff's motion to remand the action on grounds that there is no diversity jurisdiction. The court has considered the parties' arguments fully, and for the reasons set forth below, rules as follows.

BACKGROUND

Plaintiff's claims arise from its investment in notes issued by a collateralized debt obligation ("CDO") known as TABS 2007-7 ("TABS"). Docket No. 1, Exh. A (Compl.) ¶¶ 2, 12. A CDO is an investment vehicle that offers investors the opportunity to receive a stream of payments based upon the performance of an underlying pool of assets. Id. ¶¶ 2, 20. Gibbons is a Senior Vice President of UBS Financial Services, Inc., a subsidiary of UBS. Id. ¶16. Plaintiff claims that in January 2007 defendant Gibbons contacted representatives from Bank of the West's Treasury Department to promote the TABS investment which was structured and marketed by defendant UBS. Id. ¶18. Plaintiff received a Preliminary Investor Presentation for TABS in early 2007 and an

Offering Memorandum on March 19, 2007. Id. ¶19. These materials described the structure of the TABS CDO and contained certain disclosures and statements regarding purported risks of the investment. Id. ¶19. Plaintiff alleges that it relied on these disclosures and statements in making its decision to invest in the TABS CDO. Id. ¶19. Plaintiff purchased $100 million of notes at a price of $94.82 million. Id. ¶23. In December 2007, plaintiff received notice that defendant UBS had exercised its right to direct liquidation of the collateral. Id. ¶51. Plaintiff alleges that it lost its entire investment in the TABS CDO. Id. ¶64. Plaintiff argues that the materials provided by defendants were replete with misleading statements and omissions intended by the defendants to deceive or defraud the plaintiff. Plaintiff alleges that it relied upon these statements to its detriment. The complaint alleges that each defendant engaged in fraud and negligent misrepresentation.

The defendants removed this action to this court on July 17, 2009 on the basis of diversity jurisdiction alleging that plaintiff fraudulently joined Gibbons. The parties do not dispute that Bank of the West both is incorporated and has its principal place of business in California, that Gibbons is a domiciliary of California, that UBS is a citizen of a state other than the state of California, and that this action does not involve any federal questions. See Docket No. 1 (Notice of Removal) ¶¶ 6, 10; Compl. ¶¶ 13-16. Plaintiff then filed this Motion to Remand on August 24, 2009, alleging lack of complete diversity because Gibbons and plaintiff are both citizens of California. Docket No. 22 (Motion to Remand).

LEGAL STANDARD

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of citizenship; each of the plaintiffs' citizenship must be diverse from each of the defendants' citizenships. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). The federal removal statute provides that an action filed in state court may be removed if the federal court would have original jurisdiction over the action had it been filed in federal court. 28 U.S.C. § 1441(a). The statute is strictly construed and the defendant seeking removal bears the burden of proving that

2

1 federal jurisdiction exists; all doubts are resolved in favor of remand. Shamrock Oil & Gas Corp. v.
2 Sheets, 313 U.S. 100, 108-09 (1941); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838
3 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005); Gaus v. Miles,Inc., 980 F.2d 564 (9th Cir. 1992).

4       Defendants assert that despite these strict rules the California defendant in this case may be
5 disregarded because he has been fraudulently joined.  This puts into play the "fraudulent joinder" or
6 "sham" defendant rule which holds that a defendant who has been fraudulently joined need not be
7 considered in evaluating diversity of citizenship. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318
8 (9th Cir. 1998).  A defendant asserting this rule bears the burden of proving fraudulent joinder.  This
9 burden is generally characterized as a "heavy" burden; indeed, some courts have referred to it as
10 requiring "clear and convincing evidence".  Hamilton Materials, Inc. v. Dow Corning Co., 494 F.3d
11 1203, 1206 (9th Cir. 2007) (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir.
12 1998)).

13       The Ninth Circuit has held that "[i]f the plaintiff fails to state a cause of action against a
14 resident defendant, and failure is obvious according to the settled rules of the state, joinder of the
15 resident defendant is fraudulent and the defendant's presence in the lawsuit is ignored for purposes
16 of determining diversity." McCabe v. General Foods, 811 F.2d 1336, 1339 (9th Cir. 1987).
17 Defendants must be able "to show that the individuals joined in the action cannot be liable on any
18 theory." Ritchey, 139 F.3d at 1318.  The Ninth Circuit has recently held that if there is "any
19 possibility that the state law might impose liability on a resident defendant under the circumstances
20 alleged in the complaint, the federal court cannot find that joinder of the resident defendant was
21 fraudulent, and remand is necessary." Hunter v. Phillip Morris USA, ___F.3d ___ , 2009 WL
22 3068161, at *4 (9th Cir. Sept.28, 2009) (quoting Florence v. Crescent Res., LLC, 484 F.3d 1293,
23 1299 (11th Cir. 2007)).

24       A defendant will be deemed fraudulently joined only if, "after all disputed questions of fact
25 and all ambiguities in the controlling state law are resolved in plaintiff's favor," plaintiff could not
26 recover against the non-diverse party. Id. (quoting Soo v. United Parcel Serv., Inc., 73 F. Supp. 2d
27 1126 (N.D. Cal. 2001) (Breyer, J.)).  In deciding whether a cause of action is stated, the court looks
28

3

1 "only to a plaintiff's pleadings to determine the removability." Gould v. Mutual Life Ins. Co. of
2 New York, 790 F.2d 769, 773 (9th Cir. 1986).  Where fraudulent joinder is an issue, however, the
3 court "will go somewhat further." Ritchey, 139 F.3d at 1318.  Accordingly, a "defendant seeking
4 removal to the federal court is entitled to present the facts showing joinder to be fraudulent."
5 McCabe, 811 F.2d at 1339.

DISCUSSION

In the case at bar, Gibbons is a resident of the state of California, the same state of which plaintiff is a citizen.  Defendants assert that Gibbons should not be considered in evaluating diversity of citizenship because he was fraudulently joined.  This question hinges on whether the complaint forecloses the possibility of a claim against Gibbons.  UBS alleges that defendant Gibbons served as a "conduit through which certain UBS-prepared materials were forwarded to an investor" and that defendant Gibbons was not personally involved in the creation or preparation of the TABS structure or TABS materials.  Notice of Removal ¶ 15.  UBS also argues that due to Gibbons' limited role as an agent of UBS, Gibbons would not have the requisite knowledge for fraud and therefore he cannot be personally liable.  Engaging in this analysis at this stage would be premature; however, the court notes that a plaintiff's decision to join employer and employee does not automatically constitute fraudulent joinder.  "An agent or employee is always liable for his own torts, whether his employer is liable or not." Shafer v. Berger, 107 Cal. App. 4th 54, 68 (2003) (quoting Holt v. Booth, 1 Cal. App. 4th 1074, 1080 n.5 (1991)).  "In other words, when the agent commits a tort, such as ... fraud . . . , then . . . the agent [is] subject to liability in a civil suit for such wrongful conduct." Shafer, 107 Cal. App. 4th at 68 (quoting Mottola v. R.L. Kautz & Co., 199 Cal. App. 3d 98, 108 (1988)).  Simply because plaintiff elected to join tortfeasors does not suggest plaintiff's motive in joining them is fraudulent.  The court finds that plaintiff's claims against Gibbons are not so obviously meritless as to conclude that he has been fraudulently joined.  There are possible claims of fraud and misrepresentation that can be stated against him and state law might impose liability.  Because

4

Gibbons has not been fraudulently joined, his status as a California citizen destroys diversity between plaintiff and defendants. Accordingly, because this court lacks diversity jurisdiction over this matter, 28 U.S.C. § 1332(a)(1), remand to the Superior Court for the County of San Francisco is necessary.

CONCLUSION

For the foregoing reasons, plaintiff's motion to remand to the Superior Court for the County of San Francisco is GRANTED. The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court.

IT IS SO ORDERED.

Dated: October 6, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5